UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA          )
                                  )
            v.                    )     CRIMINAL NO. 2:05 CR 125
                                  )
CHRISTOPHER CHANDLER              )                (2:05 MJ 173)


DETENTION ORDER AND OPINION

At the August 22, 2005 initial appearance, the government
requested that the defendant, Christopher Chandler, be held
without bond.   A detention hearing was conducted on August 25,
2005, and the court now makes the following findings of fact:

1. The defendant originally was charged in a two count
indictment with a violation of 18 U.S.C. ßß 922(g)(1) and
924(a)(2) and 21 U.S.C. ß844(a).  If convicted, the defendant
faces a maximum sentence of ten years imprisonment.

2.  On August 19, 2005, federal agents arrested the defen-
dant on the outstanding warrant for the indictment.  The defen-
dant resisted arrest, and when he was subdued, federal agents
discovered approximately four grams of cocaine.  A criminal
complaint was filed on August 23, 2005 alleging a violation of 21
U.S.C. ß841(a).  If convicted, the defendant faces a maximum
sentence of 20 years imprisonment.

3.  At the detention hearing, the government proffered
evidence to supplement the indictment, criminal complaint, and
prebond report prepared by the United States Probation Depart-
ment.  The defendant also proffered evidence.

4.   The indictment is based upon an incident which occurred on February 17, 2005.  The Hammond Police Department arrested the defendant after he discharged a firearm from a vehicle which he was driving.

5.   State court charges were filed as a result of this incident, and the defendant was released on a $6500 cash bond on February 25, 2005.

6.   After his arrest, the defendant gave a statement to the police.  He admitted that he drove from Gary to Hammond to pay a gang member, Charlito, $350 for cocaine which Charlito had fronted to him.  In the statement, the defendant also admitted discharging the handgun one time.  At the time of the arrest, James Leviner was a passenger in the defendant's vehicle. Leviner indicated that the defendant was carrying the handgun in his waistband and discharged the handgun two times from the car window.

7.   At the time of his arrest on August 19, 2005, four small children were present in the defendant's apartment.

8.   The defendant has en extensive criminal record:

   a.   On November 21, 1995, the defendant was convicted of theft and placed on proba-tion for two years.

   b.   On August 26, 1998, the defendant was convicted of aggravated battery, a fel-ony, and sentenced to two years in im-prisonment.

   c.   On August 5, 1997, the defendant pled guilty to theft and received a two year prison sentence.

> d.   On June 27, 2001, the defendant was charged with driving while intoxicated, leaving the scene of an accident, and battery on a police officer.  The defendant was released on bond, but a warrant was issued on August 17, 2001 when the defendant failed to appear.  On December 19, 2001, the defendant pled guilty to driving while intoxicated and battery and received a one year sentence but allowed the defendant work release privileges.  On August 7, 2002, a petition was filed to revoke the work release privileges, but that petition was denied.

The defendant has been arrested on three other occasions.

9.   The defendant also has failed to appear in traffic court on two occasions and has provided an alias social security number.

10.   The defendant is a member of the Latin King street gang.

11.   The defendant was employed at the time of his arrest.

Under 18 U.S.C. ß 3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with being a felon in possession of a firearm under Section 922(g)(1). Depending upon the facts of the case, the charge of being a felon in possession of a firearm may constitute a crime of violence. *See generally **United States v. Duran***, 407 F.3d 828, 838 n.4 (7th Cir. 2005) ("The jury is entitled to consider the legality of the possession in order to draw the inference that illegally possessed guns are more likely used for illegal purposes"); ***United States v. Lane***, 252 F.3d 905, 907 (7th Cir. 2001); ***United States***

3

*v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998); *United States v. Chapple*, 942 F.2d 439, 441 (7th Cir. 1991).

Under the facts of this case, the defendant is charged with a crime of violence.  After paying a gang member $350 for cocaine which was fronted to him, the defendant discharged his weapon from his car.  An individual who is in possession of both narcotics and a firearm is a danger to the community.  *United States v. Singer*, 943 F.2d 758, 762-63 (7th Cir. 1991).

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) After his arrest on February 17, 2005, the defendant was released on bond in state court.  On August 19, 2005, the defendant resisted arrest on a federal warrant and was found with approximately four grams of cocaine.

The defendant is a member of the Latin King street gang and admitted to distributing cocaine provided to him by a gang member.  *See generally United States v. Jemison,* 237 F.3d 911, 918 (7th Cir. 2001) ("judges and the public are not blissfully ignorant of the connection between criminal violence and street gangs").

The defendant has used a fictitious social security number and has failed to appear in traffic court on two occasions. Under all of the circumstances, it is unlikely that the Probation

Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

A.    The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B.    The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C.    The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 30th day of August, 2005

s/ Andrew P. Rodovich
United States Magistrate Judge

5